## NATIONAL MANUFACTURING Co. and others *v.* MYERS.*

*(Circuit Court, S. D. Ohio, W. D.* February 13, 1883.)

1. PATENTS FOR INVENTIONS—REISSUE—FLY-TRAPS—VOID FOR WANT OF NOVELTY.

Reissued letters patent No. 6,811, granted to John Parker for an improvement in fly-traps, *held* void for want of novelty. The claim of said patent to the arrangement and relation of an outer case and an inclosed cone, both made of wire cloth, as forming two chambers, one dark, the other light, into the former of which flies are enticed by means of a bait through an entrance passage, and from which, when they fly, they naturally escape through a narrow aperture into the upper and better-lighted one, from which they are not likely to return through the small and darkened aperture which admitted them, *held* to have been anticipated. The claim of said patent to upright and horizontal stays in the wire-cloth case and to annular and upright stays in the wire cone, *held* to be to mere matters of workmanship, involving no invention.

*Reported by J. C. Harper, Esq., of the Cincinnati bar.

2. SAME—BASE-BLOCK FOR FLY-TRAPS.

> Reissued letters patent No 6,493, granted to James M. Harper, for a base-block for fly-traps, described as "the concave base-block, *having extensions and shoulders* in combination with the cylinder and its cone, substantially as described," and being a single piece, the bottom of which is flat, and the top recessed to form a receptacle for bait, provided *with shoulders and extensions to hold the bottom of the cylinder*, and having spaces between the extensions for the passage of flies upward into the cone, the base of the cone being adapted to fit closely the conical shoulders of the piece, thereby serving to sustain the cylinder in its place, *held* to be limited to a base-block of the particular construction described, and not to be infringed by a base-block which is a circular disk with a depression on the upper surface for containing the bait, and using *metallic springs*, over which the case and cone are slipped, and by which they are held in place, *instead of shoulders and extensions*.

In Equity.

*Wm. B. Burnet*, for complainant.

*James Moore*, for respondent.

MATTHEWS, Justice. This is a suit in equity to restrain the alleged infringement of two letters patent,—one, reissued letters patent No. 6,811, granted to John Parker, December 21, 1875; the other, reissued letters patent No. 6,493, granted to James M. Harper, June 22, 1875.

1. *The Parker patent.* The reissued patent is for an improvement in fly-traps. The object of the invention, as declared by the patentee in the specification, is "to so construct a fly-trap of wire cloth that, while the insects have free access to enter the trap, they will not be liable to escape from it again." The nature of his invention, he declares, "consists in a wire-cloth case, having a wire-cloth cone within it, said case and cone being strengthened and united together by vertical and horizontal stays, and the case being closed at its top and provided with an entrance passage at its base, which leads to the cone, and the cone having an exit passage which leads into the case." The construction of the trap is described by reference to drawings, in which is represented a hollow outer case, which is of cylindrical form along a greater portion of its height, and terminates in a truncated cone at its top. This case is made of fine wire cloth, which is supported and strengthened by upright narrow stays and shallow horizontal annular stays. The wire cloth and its stays are connected together by means of suitable fastenings, in any proper manner. There is a horizontal annular stay at the base of the wire cylinder, and another at the top of the cylinder or base of the truncated conical tip thereof. The case is open at its bottom, and provided at its top with a discharge passage, and around the vertical

neck of the stay, which forms this passage, a removable cover is fitted. The lower ends of the stays are extended down below the wire-work of the case, so as to form an entrance passage between the lower edge of the cylinder and the bait-holder when the trap is set up for catching flies, and the upper ends of the upright stays may be formed with bait-hooks, to which a swinging bait may be hinged. Within the cylinder, near its bottom, a hollow wire cone is placed, and fastened by suitable means to the inside of the wire-work thereof, so that flies cannot pass between the cylinder and the base of the cone. This cone is truncated at its top, and may be strengthened by annular stays at its base and upper end. Above this cone a second similar one may be arranged and fastened in like manner. The outer case and cone are made of wire-work and light stays, so that the expense of manufacturing the traps may be very slight, and also that the light from the outside may attract the flies from the center to the circumference of the trap.

The mode of its operation is also described as follows:

"The trap being arranged over a shallow bait-holder, the flies enter the case through the passage, and, being attracted by the light above, fly through the first cone into the case; and if two cones are provided they fly through the second cone from the space between the two cones into the space between the second cone and the top of the case. The return of the flies seldom happens, as they naturally fly out towards the circumference of the trap, instead of towards the apex of the cones, which is at the center of the trap."

The two claims, in respect to which infringement is alleged, are the first and third, as follows:

(1) "The wire-cloth case, closed at top and open at bottom, and supported by upright and horizontal stays, and provided with a wire cone having an exit above its base, substantially as and for the purpose herein described." (3) "The wire cone, having an exit above its base and fastened to the inner side of the wire case, which is supported at its bottom by an annular stay, and from top to bottom by upright stays, substantially as and for the purpose described."

The original patent, of which this is the reissue, was dated November 22, 1870.

From the evidence in the cause, as to the state of the art at this date, it is quite clear that, so far as this patent describes the arrangement and relation of the outer case and the inclosed cone, as forming two chambers, one dark, the other light, into the former of which flies are enticed by means of a bait through an entrance passage, and from which, when they fly, they naturally escape through a narrow aperture into the upper and better-lighted one, from which they are

not likely to return through the small and darkened aperture which admitted them, it cannot be claimed to be new. That device was at that time for such purposes well known and in common use. It is contained in the English patent of Delestre, of November 1, 1866, and in Gilbert's patent, No. 15,848, in this country, dated October 7, 1856. It is true that in the former the trap was described as intended to be made of glass, porcelain, or other suitable material; and in construing this as claimed by the complainant, and as indeed seems reasonable, to confine the material to such as shall be similar to glass or porcelain, nevertheless, the arrangement and relation of the parts is substantially what is described above. Delestre's patent evidently contemplated the destruction of the imprisoned flies by their falling into water contained in the bottom of the upper chamber, and so being drowned; but the mode of disposing of the flies is not essential to the trap. On the other hand, Gilbert's patent also contained the same arrangement, operating in the same way, and employed wire gauze as the material for the sides of the upper chamber, and for the conical entrance into it from the lower and dark chamber made of wood. An arrangement, perfectly similar, is also found in the Scott patent of February 16, 1858, in which the outer case and the inner chamber, and both made of wire gauze, are fully described.

The question then recurs, what, in this state of the art, remains as a patentable invention, described in the Parker patent, on which it can operate? The answer made by the complainant is found in the following extract from the testimony of Mr. John W. Hill, an expert called on its behalf, (Printed Testimony, p. 322:)

" The distinguishing features of the Parker invention, confining my attention to claims 1 and 3 of the Parker patent, and to the state of the art as shown by respondent's exhibits, are the addition to the wire-cloth case of the trap *of the vertical and horizontal stays,* to give greater vertical and horizontal stiffness to said case, and *the horizontal stays* to the wire-cloth cone, to furnish greater lateral stiffness to the base of said cone, by means of which additions the case and cone may be constructed of much lighter materials than would be necessary if these valuable adjuncts were omitted. Another valuable feature in the Parker trap, in the light of the state of the art, is the manner in which the wire-cloth cone is attached to the wire-cloth case; that is, by slipping the horizontal annular stay of the cone within the horizonal annular stay of the base of the case, whereby the strength of the base of the trap is represented by the two stays acting in conjunction in the same plane. The merit of an invention, even in a patentable sense, is not infrequently measured by the advantages it confers, in the light of similar devices which have preceded it. And, upon this basis, the Parker invention marks an era in devices of this character. No previous invention proposed the construction of

a fly-trap in such a manner that it might be made of cheap materials and safely packed for transportation to all parts of the world without danger of damage in transit. No previous invention seems to have assembled together, in a simple and systematic manner, the essential elements of a device of this kind, and, although the line of separation between the Parker invention and inventions of a similar character which preceded it may not be broad, it is, in my opinion, broad enough to maintain its claim to novelty and utility, in the distinguishing features which I have ascribed to it."

But the provision for upright and horizontal stays in the wire-cloth case and the annular and upright stays in the wire cone are not inventions. They are suggestions which would occur to any skilled mechanic, in constructing such chambers of wire cloth, from the very nature of the material, and are mere matters of workmanship, involving no invention. As to the mode of fastening the cone to the case by slipping the horizontal annular stays of the former within that of the latter, so that they shall coincide, nothing is said of it in the specifications, and were it otherwise there seems to be no patentable invention in that. The same remark applies to the suggestion of nesting for transportation, with the added observation that as the cases are described as cylindrical and the interior chamber as a cone, this feature does not seem to be practicable, as it would be were all conical in shape.

The conclusion, therefore, is that the Parker patent is void for want of novelty.

2. *As to the Harper patent.* The original patent was dated September 3, 1872. The reissue is limited to the claim for a base-block for fly-traps, which is described as "the concave base-block, having extensions and shoulders in combination with the cylinder and its cone, substantially as described." It is formed of a single piece, the bottom of which is flat and the top recessed to form a receptacle for bait. The base piece is provided with shoulders and extensions, to hold the bottom of the cylinder, having spaces between the extensions for the passage of flies upward into the cone. The base of the cone is adapted to fit closely the conical shoulders of the bottom piece, thereby serving to sustain the cylinder in its place and preventing displacement or accidental overturning.

Waiving all other questions as to this reissue, I am satisfied that the patent must be limited to a base-block of the particular construction described, and that the respondent is not guilty of an infringement. His base-block is a circular disk, with a depression on the upper surface for containing the bait, the shoulders and extensions in

the Harper patent being dispensed with and metallic springs used instead, over which the case and trapping cone are slipped, and by which they are held in place.

For these reasons the bill is dismissed.